IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 13 |
| JERRY JOHNSON, | : | |
| | : | Bankruptcy No. 24-12610-pmm |
| Debtor | : | |

**MOTION OF LOAN RANGER LP FOR RELIEF FROM THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE**

**The Parties and Jurisdiction**

1. The Movant is Loan Ranger LP ("LRLP"), a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania, with offices at 221 Mifflin Street, Lancaster, Lancaster County, Pennsylvania 17602.

2. The Respondent is Jerry Johnson, the Debtor ("Debtor") in this Chapter 13 proceeding commenced by the filing of a voluntary petition on July 30, 2024 ("Petition Date").

3. The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §362. This Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

4. Movant LRLP consents to the entry of a final order or judgment on this Motion if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**Factual Background**

Paragraphs 1 through 4 hereof are incorporated by reference.

5. Attached hereto, incorporated by reference and marked **Exhibit A is** a true and correct copy of LRLP's Proof of Claim filed on September 6, 2024 ("Proof of Claim") setting forth a secured claim in a total amount of $285,304.70, plus subsequently accruing interest,

7738316

attorneys' fees and other charges and costs authorized under the applicable loan documents. LRLP's Proof of Claim is #10 on the Claims Register herein.

6. LRLP's claim set forth in its Proof of Claim is based upon a certain commercial loan ("Loan") evidenced by a Mortgage Note dated November 16, 2020 ("Note") in the original principal amount of One Hundred Eighty Thousand and 00/100 Dollars ($180,000.00) executed and delivered by Debtor to LRLP. A true and correct copy of the Note is attached as an Exhibit to LRLP's Proof of Claim.

7. The Loan is secured by a first position Mortgage ("Mortgage") granted by Debtor upon certain investment residential property known and numbered as 509 East Strawberry Street, in the City of Lancaster, Lancaster County, Pennsylvania (Tax Parcel No. 337-84654-0-0000) (the "Mortgaged Premises"). The Mortgage is dated November 16, 2020 and recorded on November 19, 2020 in the Office of the Recorder of Deeds of Lancaster County, Pennsylvania, as Instrument Number 6561232. A true and correct copy of the Mortgage is attached as an Exhibit to LRLP's Proof of Claim.

8. The Debtor has filed no objection to LRLP's Proof of Claim. Accordingly, LRLP's Proof of Claim is deemed allowed in the amount set forth therein, in accordance with Bankruptcy Code Section 502(a).

9. The Mortgaged Premises are an investment property for the Debtor and not the Debtor's residence.

10. The Debtor is in default under the terms of the Loan due to, *inter alia*, his failure to (a) pay assessments, taxes and other lienable charges due upon the Mortgaged Premises and (b) pay in full the outstanding balance of principal, accrued interest and other charges authorized under the Note and Mortgage upon contractual maturity of the Loan on May 1, 2022.

11. Based upon the defaults set forth in paragraph 10 above, LRLP commenced an action in foreclosure upon the Mortgaged Premises in the Court of Common Pleas of Lancaster County, Pennsylvania, to Docket No. CI-23-06073, on August 30, 2023.

12. LRLP obtained judgment in mortgage foreclosure with respect to the Mortgaged Premises on October 25, 2023 ("Judgment") and, in execution upon its Judgment, caused the Mortgaged Premises to be listed for Sheriff's Sale on March 27, 2024.

13. The Debtor filed a first Chapter 13 bankruptcy petition with this Court on January 2, 2024, docketed to No. 24-10005 ("First Bankruptcy").

14. The First Bankruptcy stayed Sheriff's Sale of the Mortgaged Premises on LRLP's judgment until LRLP obtained relief from the bankruptcy stay by Order of this Court dated April 30, 2024 and relisted the Mortgaged Premises for Sheriff's Sale on July 31, 2024.

15. The First Bankruptcy was dismissed on Motion of the Chapter 13 Trustee by Order of this Court dated June 20, 2024.

16. The commencement of this, the Debtor's second bankruptcy proceeding, has again stayed Sheriff's Sale of the Mortgaged Premises on LRLP's judgment.

17. The Debtor has not moved for a continuation of the stay in this second bankruptcy proceeding, clearly filed within one year of the pendency of the First Bankruptcy, so that, in accordance with Section 362(c)(3)(A) of the United States Bankruptcy Code, Title 11 U.S.C. ("Bankruptcy Code"), the stay terminated with respect to the Debtor on August 29, 2024.

**Relief from Stay for Cause Pursuant to 11 U.S.C. §362(d)(1)**

Paragraphs 1 through 17 hereof are incorporated by reference.

18. The Mortgage is first in lien priority against the Mortgaged Premises, behind only liens for unpaid local real estate taxes.

19. The Note grants LRLP the right to recover interest on LRLP's secured claim and late charges, as well as fees, costs and other charges, including attorneys' fees and expenses, incurred in the collection of all amounts owed to LRLP under the Note. Such interest, fees, costs and charges are accruing and will continue to accrue if the Mortgaged Premises remain in the Debtor's estate.

20. The Debtor remains delinquent on payment of local real estate taxes assessed against the Mortgaged Premises. As of the date of this Motion, local municipality and school district real estate taxes for calendar years 2022, 2023 and 2024 remain unpaid and constitute liens against the Mortgaged Premises prior to LRLP's Mortgage in a total amount of not less than $21,590,57, in accordance with Debtor's Schedule D [Docket No. 15] and Section 4(c) of the Plan. Due to the continuing accrual of interest in accordance with applicable statutes, the Debtor's delinquent real estate tax balance and attendant liens continue to grow post-petition with statutory priority over LRLP's Mortgage lien, and thus to LRLP's detriment.

21. The Debtor has made no contractual payments nor any adequate protection payments to LRLP post-petition.

22. The Chapter 13 Plan filed by Debtor in this proceeding on September 4, 2024 [Docket No. 16] ("Plan") is deficient and unconfirmable for numerous reasons including, without limitation:

(a) The Debtor proposes in Section 2(a) to fund the Plan through a nominal monthly payment to the Trustee and a prospective $81,000 contribution from the proceeds of the sale of Debtor's residence at 9 Locust Street, Lancaster, Pennsylvania ("Residential Property"). Debtor values the Residential Property on his Schedule A at $115,280 ($144,000 fair market value minus cost of sale), notes in Schedule D that the property is subject to a mortgage in favor of Members

7738316                                                        4

First Federal Credit Union in the amount of $86,203[1] and proposes in Schedule C to take an exemption of $13,950, leaving far less than $81,000 in equity from a hypothetical sale to contribute to his Chapter 13 Plan;

    (b)    The Plan identifies no purchaser for the Residential Property and makes no provision for listing the Residential Property with a Realtor or otherwise effectuating a sale within the time frame suggested in the Plan.

    (c)    Section 4(b) of the Plan proposes to cure Debtor's "prepetition arrearages" under the Plan through distributions from the Trustee and pay directly to LRLP monthly obligations falling due after the Petition Date "in accordance with the parties' contract." Under the terms of the Note executed and delivered by Debtor, the full obligation thereunder matured on May 1, 2022, so that there is no prepetition obligation to be cured, nor are there any monthly obligations remaining to be paid. Moreover, Section 4(b) proposes that the full $60,000 contributed by Debtor to the Plan be paid to LRLP on account of arrearages, without providing for the Trustee's commission or for secured tax claims or priority claims to be paid in full under Sections 4(c) and 3(a) of the Plan, respectively;

    (d)    The cure provisions of Bankruptcy Code Section 1322(a)(5) are available for payment of secured claims only to the extent that "the last payment [on the secured claim] is due after the date on which the final payment under the plan is due." As hereinbefore stated, the last payment on LRLP's allowed secured claim became due on May 1, 2022, the date on which the Note obligation fully matured;

    (e)    Neither Debtor's Schedules I and J nor any other provision of the Debtor's Schedules or the Plan reveal any source of income or liquid assets to fund payment of LRLP's

---

[1] Proof of Claim No. 11 on the Clerk's Register filed by Members First Federal Credit Union evidences a claim of $87,471.63 secured by the Residential Real Property.

allowed matured secured claim in full, even at the reduced valuation suggested in Debtor's Schedules A and D;

 (f) The Plan fails to provide treatment for LRLP as required under Sections 1322 and 1325 of the Bankruptcy Code;

 (g) The Plan undervalues LRLP's allowed secured claim;

 (h) The Plan is not feasible; and

 (i) Neither Debtor's Schedules I and J nor any other provision of the Debtor's Schedules or the Plan reveal any source of income or liquid assets a confirmable Chapter 13 Plan. LRLP incorporates herein by reference in its entirety LRLP's Objection to Confirmation of Debtor's Chapter 13 Plan docketed to No. 21 in this proceeding.

 23. Upon information and belief, the Mortgaged Premises remains under condemnation by the City of Lancaster, Pennsylvania, as it has been for approximately the last 4 ½ years.

 24. LRLP's interests are inadequately protected, and if LRLP is not permitted to foreclose its interest in the Mortgaged Premises, or alternatively granted adequate protection, LRLP will suffer irreparable injury, loss and damage.

 25. The Debtor's inability to adequately protect LRLP's interests in the Mortgaged Premises and inability to propose a confirmable Chapter 11 Plan constitute cause for relief from stay under 11 U.S.C. §362(d)(1).

**Relief from Stay Pursuant to 11 U.S.C. §362(d)(2)**

Paragraphs 1 through 25 hereof are incorporated by reference.

 26. Upon information and belief, and in accordance with the valuation suggested by Debtor in Schedules A and D of his plan, as a result of LRLP's secured claim and real estate tax liens of record as set forth in paragraph 20 above, the Debtor has no effective equity in the Mortgaged Premises.

27.     Debtor's Plan suggests no source of funds for refinancing the Mortgaged Premises, no prospects for sale of the Mortgaged Premises, and no intention or ability of Debtor to utilize the Mortgaged Premises as a residence.  Accordingly, the Mortgaged Premises are not necessary to an effective reorganization.

**F.R.B.P. 4001(a)(3) Stay**

Paragraphs 1 through 27 hereof are incorporated by reference.

28.     As a result of the First Bankruptcy, and now this second bankruptcy filing, LRLP's execution sale of the Mortgaged Premises has been stayed and continued until November 27, 2024.  LRLP seeks relief from the automatic stay in order to proceed with enforcement of its legal and equitable rights with respect to the Mortgaged Premises including, without limitation, execution, levy, sale, ejectment and all other remedies that LRLP may have at state law or in equity.

29.     LRLP demonstrates cause to have relief from the bankruptcy stay granted effective immediately and should not be subject to the fourteen (14) day stay of Fed. R. Bankr. P. 4001(a)(3) because LRLP will incur substantial additional costs and expenses if the stay remains and LRLP is unable to proceed with Sheriff's Sale of the Mortgaged Premises Estate on November 27, 2024.

WHEREFORE, LRLP respectfully requests that: (1) the stay of 11 U.S.C. § 362 be modified to permit LRLP to proceed with all remedies authorized under the Note and Mortgage and applicable law including, without limitation, execution, levy, sale, ejectment and all other remedies which LRLP may have at law or in equity with respect to the Mortgaged Premises known and numbered as 509 East Strawberry Street, in the City of Lancaster, Lancaster County, Pennsylvania, or in the alternative that Debtor be required to provide LRLP with adequate protection; LRLP requests that relief from the automatic stay be granted pursuant to 11 U.S.C. §

362(d)(1) and (2); LRLP requests waiver of the stay imposed under Fed. R. Bankr. P. 4001(a)(3) on any Order entered herein granting relief from stay; and LRLP prays for such other and further relief as is just and appropriate.

                                        SAXTON & STUMP, LLC
                                        Attorneys for Movant Loan Ranger LP

Dated: September 18, 2024        By: /s/ Robert W. Pontz, Esquire
                                        Robert W. Pontz, Esquire
                                        Attorney I.D. No. 56554
                                        280 Granite Run Drive, Suite 300
                                        Lancaster, PA  17601
                                        Tel: (717) 556-1016
                                        Fax: (717) 441-3810
                                        E-mail: bpontz@saxtonstump.com