IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 13 |
| JERRY JOHNSON, | : | |
| | : | Bankruptcy No. 24-12610-pmm |
| Debtor | : | |

### STIPULATION REGARDING MOTION OF LOAN RANGER LP
### FOR RELIEF FROM THE AUTOMATIC STAY OF SECTION 362
### OF THE UNITED STATES BANKRUPTCY CODE

THIS STIPULATION ("Stipulation") is entered into as of this ___ day of _____,

2025, by and between Jerry Johnson ("Debtor"), the Debtor herein, and Loan Ranger LP ("LRLP"),

a secured creditor and party-in-interest.

### BACKGROUND

A.    The Debtor commenced this case by filing a voluntary petition under Chapter 13 of

the United States Bankruptcy Code, Title 11 U.S.C. ("Bankruptcy Code"), on July 30, 2024

("Petition Date").

B.    LRLP extended to Debtor pre-petition a commercial loan ("Loan") evidenced by a

Mortgage Note dated November 16, 2020 ("Note") in the original principal amount of One

Hundred Eighty Thousand and 00/100 Dollars ($180,000.00) executed and delivered by Debtor to

LRLP.

C.    The Loan obligation evidenced by the Note is secured by a first position Mortgage

("Mortgage") granted by Debtor upon certain investment residential property known and

numbered as 509 East Strawberry Street, in the City of Lancaster, Lancaster County, Pennsylvania

(Tax Parcel No. 337-84654-0-0000) (the "Mortgaged Premises"). The Mortgage is dated

November 16, 2020 and recorded on November 19, 2020 in the Office of the Recorder of Deeds of

Lancaster County, Pennsylvania, as Instrument Number 6561232.

7920793.2

D.      The Debtor is in default under the terms of the Loan due to, *inter alia*, his failure to (a) pay assessments, taxes and other lienable charges due upon the Mortgaged Premises in the approximate amount of $29,000.00 as of the date of this Stipulation and (b) pay in full the outstanding balance of principal, accrued interest and other charges provided under the Note and Mortgage upon contractual maturity of the Loan on May 1, 2022.

E.      Based upon the defaults set forth in Background paragraph D above, LRLP commenced an action in foreclosure upon the Mortgaged Premises in the Court of Common Pleas of Lancaster County, Pennsylvania, to Docket No. CI-23-06073, on August 30, 2023.

F.      LRLP obtained judgment in mortgage foreclosure with respect to the Mortgaged Premises on October 25, 2023 and, in execution upon its judgment, caused the Mortgaged Premises to be listed for Sheriff's Sale.

G.      Sheriff's Sale of the Mortgaged Premises initially was stayed by the Debtor's filing of an earlier Chapter 13 bankruptcy proceeding on January 2, 2024, docketed to No. 24-10005 ("First Bankruptcy").  The First Bankruptcy was dismissed on Motion of the Chapter 13 Trustee by Order of this Court dated June 20, 2024.[1]

H.      Upon commencement of this second Chapter 13 bankruptcy proceeding for the Debtor, again staying Sheriff's Sale of the Mortgaged Premises, LRLP filed its Proof of Claim ("Proof of Claim") in the total amount of $285,304.70, plus subsequently accruing interest, attorneys' fees and other charges and costs authorized under the applicable loan documents.

I.      On September 18, 2024, LRLP filed a Motion for Relief from the Automatic Stay of Section 362 of the Bankruptcy Code [Docket No. 22] ("Motion for Relief"), alleging cause under Bankruptcy Code Section 362(d)(1) and the prerequisites for relief under Bankruptcy Code Section 362(d)(2), all as set forth in the Motion for Relief.

---

[1] Prior to dismissal of the First Bankruptcy, LRLP obtained relief from stay by Order dated April 30, 2024.

J.    Debtor responded in opposition to LRLP's Motion for Relief [Docket No. 25] raising, among other asserted defenses, an intention to retain the Mortgaged Premises for its commercial income potential and to fund full payment of LRLP's allowed secured claim under a Chapter 13 Plan through a combination of income sources and the net proceeds of sale of a second residential real property owned by the Debtor known and numbered as 9 Locust Street, in the City of Lancaster, Lancaster County, Pennsylvania ("Locust Street Property").

K.    As of the date of this Stipulation, the Locust Street Property has not been listed for sale with a Realtor.

L.    The hearing on LRLP's Motion for Relief originally set for October 15, 2024 has been continued several times, most recently to February 18, 2025.

M.    Debtor's First Amended Chapter 13 Plan [Docket No. 47] ("First Amended Plan") was docketed on February 13, 2025.

N.    LRLP, the Debtor, and their respective counsel of record, having considered the facts and circumstances of this case and applicable law, and wishing to resolve the Motion for Relief and issues surrounding the Mortgaged Premises and treatment of LRLP's allowed secured claim without further delay, expense and litigation, hereby agree and stipulate to the following terms of settlement:

NOW THEREFORE, with the foregoing Background paragraphs incorporated by reference, and intending to be legally bound, the Debtor and LRLP agree and stipulate as follows:

1.    Except to the extent expressly modified under the terms of this Stipulation, Debtor hereby ratifies and confirms, and reaffirms in all respects, without condition, all of the terms, covenants and conditions set forth in the Note, the Mortgage and any other document executed by Debtor in connection with the Loan (collectively the "Loan Documents"); Debtor confirms that he remains liable to LRLP in accordance with the respective terms, covenants and conditions of each

of the Loan Documents; and Debtor further ratifies, confirms and reaffirms, without condition, that all collateral security, liens, pledges, conveyances and security interests created pursuant to the Mortgage shall continue unimpaired and in full force and effect and that they secure, and shall continue to secure, in accordance with the terms of the Mortgage, the obligations of Debtor as evidenced by the Loan Documents.

2.    LRLP holds an allowed secured claim in this proceeding in the total amount of $285,304.70, plus subsequently accruing interest, attorneys' fees and other charges and costs authorized under the applicable Loan Documents, as set forth in LRLP's Proof of Claim, and Debtor has no objection to such claim or the Proof of Claim.

3.    Beginning on March 1, 2025, and continuing on the first day of each month thereafter until LRLP's allowed secured claim is paid in full, Debtor shall pay to LRLP the sum of $2,341.00 as adequate protection of LRLP's interest in the Mortgaged Premises.

4.    Debtor shall timely pay to the appropriate authorities, on or before the date required to avoid incurring a penalty, all local taxes and charges assessed against the Mortgaged Premises and coming due on or after the Petition Date, beginning with the 2025 city and county taxes.

5.    Debtor shall make timely payment to the Chapter 13 Trustee of all monthly installment payments due under the terms of the First Amended Plan and/or under any amended Plan subsequently filed by the Debtor.

7.    Not later than March 1, 2025, Debtor shall list the Locust Street Property for sale with a reputable Realtor.

8.    Debtor shall cause LRLP to receive, on or before June 20, 2025, the sum of not less than less than One Hundred Sixty Thousand and 00/100 Dollars ($160,000.00) from the net proceeds of sale of the Locust Street Property supplemented, if necessary, from such other sources as Debtor may determine.

9.    LRLP shall apply the entire amount received under paragraph 8 hereof to reduce its allowed secured claim. Not later than August 1, 2025 or, if sooner, thirty (30) days after closing on the Locust Street Property, Debtor shall file with the Court an amended Chapter 13 Plan providing for amortization and payment of the balance of LRLP's allowed secured claim in equal monthly installments over the remainder of the five (5) year term of the Plan. Debtor shall timely make all such monthly installment payments directly to LRLP outside of his monthly commitment to the Chapter 13 Trustee under the terms of the amended Chapter 13 Plan.

10.    Not later than March 1, 2025, Debtor shall afford to LRLP interior and exterior access to the Mortgaged Premises and to the Locust Street Property to permit LRLP to complete inspections and/or appraisals of the same.

11.    Debtor agrees to execute and deliver to LRLP, in recordable form reasonably acceptable to counsel for both parties, an assignment of rents and leases for each lease of all or any part of the Mortgaged Premises that Debtor may enter prior to full payment of LRLP's allowed secured claim, such assignment providing for LRLP's collection of rents only upon occurrence of a default under the terms of the Loan Documents or this Stipulation. By the parties' execution and Bankruptcy Court approval of this Stipulation, LRLP shall have relief from the stay of Section 362 of the Bankruptcy Code to receive and record such assignment.

12.    Should Debtor default upon any term or commitment under this Stipulation, LRLP shall provide written notice of default and ten (10) days opportunity to cure to Debtor addressed to the Mortgaged Premises, with a copy by e-mail to Debtor's bankruptcy counsel of record at brad@sadeklaw.com. If Debtor fails to cure the default within such ten (10) day period, LRLP may certify said default to the Bankruptcy Court, and upon receipt of such certification, without further notice or hearing, the Court shall enter an Order granting LRLP relief from the bankruptcy stay with respect to the Mortgaged Premises to proceed with foreclosure of its Mortgage and

execution, levy, sale, ejectment and all other remedies which LRLP may have at state law with respect to the Mortgaged Premises.

13.     This Stipulation constitutes the entire agreement between Debtor and LRLP with respect to the subject matter hereof, and any prior oral or written statements concerning the same are merged herein for all purposes and shall be of force only to the extent they are reiterated in this Stipulation.

14.     This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective successors and/or assigns.

15.     This Stipulation may be executed in counterparts, in which case all executed counterparts taken together shall constitute one and the same document.

16.     The undersigned attorneys represent and warrant to the Court that they have full power and authority to enter into this Stipulation on behalf of their respective clients and to bind their clients to the terms and conditions of this Stipulation with the same force and effect as if the clients personally had subscribed hereto.

17.     The Chapter 13 Trustee's signature below confirms only his acknowledgement and concurrence with the terms of this Stipulation, not that he is a party hereto.

18.     The parties hereto request that the Court sign and docket an Order approving this Stipulation.

*[Remainder of this page is intentionally left blank. Signatures follow on next page.]*

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed

and delivered as of the date first written above.

SAXTON & STUMP, LLC                              SADEK LAW OFFICES, LLC
Attorneys for Movant Loan Ranger LP              Attorneys for Debtor


By:_____                     By: _____
    Robert W. Pontz, Esquire                      Brad J. Sadek, Esquire
    Attorney I.D. No. 56554                       Attorney I.D. No. _____
    280 Granite Run Drive, Suite 300              1500 JFK Boulevard, Suite 220
    Lancaster, PA  17601                          Philadelphia, PA 19102
    Tel: (717) 556-1016                           Tel: (215) 545-0008
    E-mail: bpontz@saxtonstump.com                E-Mail: brad@sadeklaw.com


CONCURRENCE:


_____
Rolando Ramos, Esquire
Staff Attorney for Scott F. Waterman,
Chapter 13 Trustee